Trent H. Baker (8799)
**BAKER IP PLLC**
124 South Main Street #3147
Cedar City, UT 84720
Telephone: (801) 618-3359
trent@bakerip.com

S. Brandon Owen (9971)
Adam K. Richards (14487)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Post Office Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
bowen@rqn.com
arichards@rqn.com

*Attorneys for Plaintiff Alfwear, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC., | **COMPLAINT** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | Case No. 2:23-cv-00412-JCB |
| KULE, LLC, a New York limited liability company, | Magistrate Judge Jared C. Bennett |
| Defendant. | |

Plaintiff Alfwear, Inc. ("Alfwear") for its Complaint against Defendant Kule, LLC ("Kule" or "Defendant") states and alleges as follows:

## THE PARTIES

1.	Plaintiff Alfwear is a Utah company with a principal place of business at 1635 South 5070 West, Suite C, Utah 84104.

2.	Upon information and belief, Defendant Kule is a New York limited liability company with a place of business at 130 East 67th Street, #6E, New York, New York 10065.

## JURISDICTION AND VENUE

3.	This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because it involves claims under the Lanham Act.

4.	This Court has supplemental jurisdiction over the state law claims asserted herein under 28 U.S.C. § 1367 because these claims are so related to the claim in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.	Venue in this district is proper under 28 U.S.C. § 1391(b).

6.	On information and belief, the Court has personal jurisdiction over Kule in this action because Kule has had, and continues to have, substantial, continuous, and systematic contacts with the State of Utah and has purposefully availed itself of the privilege of conducting activities in this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

7.	On information and belief, Kule sells products, including clothing products, under the KULE mark.

8.	On information and belief, Kule sells products under the KULE mark throughout the United States and to persons residing in Utah.

9. On information and belief, Kule sells products under the KULE mark to retail customers, including retailers located in Utah and retailers with locations in Utah.

10. On information and belief, Kule has shipped product to one or more retailers located in Utah and accepted payment from one or more retailers located in Utah.

11. On information and belief, Kule sells products under the KULE mark online.

12. On information and belief, Kule operates the website [www.kule.com](www.kule.com).

13. On information and belief, Kule has fulfilled orders made on www.kule.com by Utah residents and has shipped product to Utah residents.

14. On information and belief, Kule has charged Utah residents and accepted payments from Utah residents for products purchased on [www.kule.com](www.kule.com).

15. The www.kule.com website allows consumers to view products, place them in a virtual shopping cart, purchase them online, and have them shipped to an address specified by the consumer.

16. The www.kule.com website lists Utah as a shipping destination on its checkout page.

17. On information and belief, Kule has shipped products sold under the KULE mark and products bearing the KULE mark to Utah.

## BACKGROUND FACTS

18. Alfwear has used the marks KÜHL and KUHL ("KÜHL marks") since at least as early as February 1, 1994, and has used the mark KÜHL in interstate commerce since at least as early as February 1, 1994, on or in connection with a wide variety of goods and services, including a wide range of apparel products.

19. Alfwear owns U.S. Trademark Registration No. 1,990,375 for the mark kühl (words plus design) for, in part, "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25." The registration issued on July 30, 1996.

20. Alfwear owns U.S. Trademark Registration No. 3,916,866 for the mark KÜHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025. The registration issued on February 8, 2011. Alfwear's Section 15 declaration of incontestability was acknowledged on March 18, 2017.

21. Alfwear owns U.S. Trademark Registration No. 4,441,177 for the mark KUHL (words only) for, in part, "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025. The registration issued on November 26, 2013.

22. Alfwear sells its products under the KÜHL marks on its website (www.kuhl.com), through its retail stores, and through authorized third-party retailers.

23. Alfwear has spent millions of dollars on marketing and advertising that includes the KÜHL marks.

24. The products Alfwear markets and sells under and in connection with the KÜHL marks are of a high quality and enjoy an exceptional reputation among consumers and retailers. Alfwear's products are frequently mentioned in online and print publications and in online reviews and blogs.

25. As a result of Alfwear's efforts, Alfwear has developed valuable goodwill in the KÜHL marks.

26. On information and belief, Kule sells clothing under the mark KULE, including through the website www.kule.com.

27. The KULE mark is nearly identical in sight, sound, and meaning to the KÜHL marks.

28. On information and belief, the products that Kule sells under the KULE mark compete with products Alfwear sells under the KÜHL marks. For example, both Alfwear and Kule sell shirts, pants, shorts, dresses, and jackets.

29. On information and belief, both Alfwear's customers and Kule's customers include individuals who enjoy outdoor activities.

30. For example, at one point, Kule marketed its products in connection with skiing (https://www.kule.com/collections/apres-ski):



31. Kule did not begin using the KULE mark until after Alfwear began using the KÜHL marks nationwide.

32. Kule filed a trademark application (U.S. Trademark Application Serial No. 97639003) for the mark KULE on October 19, 2022.

33. Alfwear timely opposed that application based on likelihood of confusion with Alfwear KÜHL marks and dilution of Alfwear's KÜHL marks. *See* TTABVUE, Opposition No. 91282630. That opposition is currently suspended.

34. Kule's use of the KULE mark is likely to confuse members of the consuming public into believing that Kule and/or their goods and services are affiliated with, or sponsored or approved by, Alfwear, or that Alfwear and/or its goods and services are sponsored or approved by Kule, or to otherwise cause confusion, mistake, or deception.

**CLAIM FOR RELIEF**

**Count 1**
**Federal Trademark Infringement**

35. Alfwear repeats and realleges, as though fully set forth herein, the allegations contained in the preceding paragraphs of this Complaint.

36. Alfwear owns Registration No. 1,990,375 for the mark kühl (words plus design) for, in part, "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats in class 25."

37. Alfwear owns Registration No. No. 3,916,866 for the mark KÜHL (words only) for "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025.

38. Alfwear owns Registration No. 4,441,177 for the mark KUHL (words only) for, in part, "Belts; Bottoms; Hats; Jackets; Pants; Shirts; Shorts; Tops" in International Class 025.

39. Alfwear's clothing products are sold through retailers throughout the United States. Alfwear's retail partners include retailers that sell high-quality clothing.

40. Alfwear has invested substantial time, effort, and financial resources promoting its KÜHL marks in connection with the marketing and selling of its clothing in interstate commerce.

41. The KÜHL marks have become well known through widespread and favorable public acceptance and recognition and are an asset of substantial value as a symbol of Alfwear and its quality products and goodwill. The consuming public recognizes the KÜHL marks and associates them with Alfwear.

42. Alfwear's KÜHL marks are inherently distinctive and famous as applied to Alfwear's goods that bear the KÜHL marks.

43. Without Alfwear's consent, Kule has sold and promoted clothing products under the KULE mark.

44. Kule's KULE mark is substantially similar to Alfwear's KÜHL marks.

45. Alfwear and Kule both sell clothing to similar customers.

46. Kule has engaged in its willful infringing activity despite having constructive notice of Alfwear's federal registration rights under 15 U.S.C. § 1072 and, upon information and belief, despite having actual knowledge of Alfwear's KÜHL marks.

47. Kule's actions are likely to lead the public to conclude, incorrectly, that Kule's goods or services originate with, or are authorized by, Alfwear, in violation of 15 U.S.C. § 1114. Such confusion will damage both Alfwear and the public.

48. On information and belief, as a direct and proximate result of Kule's trademark infringement, Alfwear has suffered and will continue to suffer loss of income, profits, and goodwill, and Kule has and will continue to unfairly acquire income, profits, and goodwill.

49. Alfwear is entitled to recover its actual damages in an amount to be proven at trial. Such damages should be trebled as allowed by 15 U.S.C. § 1117(a).

50. Alfwear is further entitled to recover Kule's profits, the amount of which is currently unknown by Alfwear, and which amount should be trebled as allowed by 15 U.S.C. § 1117(a).

51. Kule's acts of infringement will cause further irreparable injury to Alfwear if Kule is not restrained by this Court from further violation of Alfwear's rights. Alfwear has no adequate remedy at law. Therefore, Alfwear is entitled to injunctive relief barring Kule from engaging in further acts violating 15 U.S.C. § 1114.

## Count 2
## Federal Unfair Competition

52. Alfwear realleges and incorporates by reference the allegations of the preceding paragraphs of the Complaint as though fully set forth herein.

53. As a second ground for relief, Alfwear alleges federal unfair competition under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54. Kule has sold and continues to sell clothing products under the KULE mark, which constitutes a false designation of origin, and/or false representation, that wrongfully and falsely indicates Kule's goods or services as originating from, or connected with, Alfwear and constitutes a use of false descriptions or representations in interstate commerce.

55. Kule's actions constitute federal unfair competition and violate 15 U.S.C. § 1125(a).

56. As a direct and proximate result of Defendants' unfair competition, Alfwear has suffered and will continue to suffer loss of income, profits, and goodwill, and Kule have and will continue to unfairly acquire income, profits, and goodwill.

57. Alfwear is entitled to recover its actual damages in an amount to be proven at trial. Such damages should be trebled as allowed by 15 U.S.C. § 1117(a).

58. Alfwear is further entitled to recover Kule's profits, the amount of which is currently unknown by Alfwear, and which amount should be trebled as allowed by 15 U.S.C. § 1117(a).

59. Alfwear's acts of unfair competition will cause further irreparable injury to Alfwear if Kule is not restrained by this Court from further violation of Alfwear's rights. Alfwear has no adequate remedy at law. Therefore, Alfwear is entitled to injunctive relief barring Kule from engaging in further acts violating 15 U.S.C. § 1125.

## Count 3
## Common Law Unfair Competition

60. Alfwear realleges and incorporates by reference the allegations of the preceding paragraphs of the Complaint as if fully set forth herein.

61. As its third ground for relief, Alfwear alleges a violation of common law unfair competition.

62. Kule has sold and continues to sell clothing products under the KULE mark, which causes confusion by the public and constitutes common law unfair competition. Alfwear has no adequate remedy at law for damages caused by such common law unfair competition.

## ALLEGATION OF DAMAGE

63. By reason of Kule's acts alleged herein, Alfwear has and will suffer damage to its business, reputation, and goodwill and the loss of sales or profits Alfwear would have made but for Kule's acts.

64. Kule may continue to do the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Alfwear's irreparable damage. It will be difficult to ascertain the amount of the compensation that would afford adequate remedy for such continuing acts. Alfwear's remedy at law is not adequate to compensate it for its injuries threatened.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Alfwear demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Alfwear prays that the Court enter an Order granting the following relief:

a. Entering a judgment that Alfwear's KÜHL marks have been and continue to be infringed by Kule in violation of 15 U.S.C. § 1114(1) and 1125(a);

b. Entering a judgment that Kule's use of the KULE mark violates common law unfair competition and infringes Alfwear's common law trademark rights;

c. Permanently enjoining and restraining Kule and each of its agents, officers, employees, attorneys, successors, assigns, affiliates and other persons in privy or active concert or participation with any of them from using the KULE mark and/or any other similar designation, alone or in combination with other words or symbols, as a trademark, service mark,

trade name, domain name, social media account name, or otherwise to market, advertise, distribute, or identify Kule or its goods and services;

  d. Pursuant to 15 U.S.C. § 1116(a), directing Kule to file with the Court and serve on Alfwear within thirty (30) days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Kule has complied with the injunction;

  e. Pursuant to 15 U.S.C. § 1118, requiring Kule and all others under Kule's authority, at their cost, to deliver up and destroy all devices, products, literature, advertising, labels, and other material in their possession bearing the KULE mark;

  f. Ordering Kule to remove the KULE mark from any website, publication, and/or advertisement under its control;

  g. Awarding Alfwear all damages it sustained as a result of Kule's acts of infringement and unfair competition, said amounts to be tripled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

  h. Awarding to Alfwear all profits received by Kule from sales or revenues of any kind made as a result of Kule's infringing actions, said amount to be tripled, after an accounting pursuant to 15 U.S.C. § 1117;

  i. Awarding triple actual damages and/or profits pursuant to 15 U.S.C. § 1117(b) because Kule's conduct was willful within the meaning of the Lanham Act;

  j. Awarding Alfwear its attorneys' fees and costs pursuant to 15 U.S.C. § 1117 because of the exceptional nature of this case resulting from Kule's deliberate infringing actions; and

    k.    Granting Alfwear such other and further relief to which the Court may deem just.

DATED this 26th day of June, 2023.

                        Respectfully submitted,

                        BAKER IP PLLC

                        Trent Baker

                        RAY QUINNEY & NEBEKER P.C.
                        S. Brandon Owen
                        Adam K. Richards

                        *Attorneys for Plaintiff Alfwear, Inc.*

1641518