# EXHIBIT B

**Blake Perkins – Counsel**
**26 Broadway, 17ᵗʰ Fl.**
**New York, New York 10004**
**perkins@blake-perkins.com**
**201-320-1502**

Trent H. Baker
BAKER IP PLLC
124 South Main Street #3147
Cedar City, UT 84720

November 7, 2022

Re: Kule trademark

Trent:

I hope this finds you well. It is in response to yours of 2 November.

 The trademark underlying application serial number 97639003 is not, in substantive terms, new and does not infringe the Kühl marks. The application is a procedural mechanism to renew the mark Kule has owned for over twenty years because its registration, number 4076588, recently lapsed due to inadvertence. The lapse does not affect the common law mark that Kule owns.

Kule also has owned common law and federal marks under registrations including numbers 419609, 419610 and 4265665 for over twenty years covering other goods and services under the Kule mark. Kule owns trademark registrations in the European Union, the United Kingdom, China, Hong Kong and Japan. Kule always has used its mark in good faith and without any intent to harm Kühl.

The marks at issue are not sufficiently similar to cause a likelihood of confusion, as indicated by the fact that Kule and Kühl have coexisted for decades. The marks do not look the same, are not spelled the same way and are not pronounced the same way. Kule looks like the American surname of its founder that it is.  Her father, Eugene Kule, was an icon of the fashion industry for some fifty years.

In Contrast, Kühl is the German word for 'cool.' With its umlaut Kühl bears a strong Germanic appearance. The umlaut itself is a distinctive and significant feature of the mark. Kule has neither the umlaut or an 'h' and ends with 'e' rather than 'l' while Kühl has no 'e.' Placement of the 'h' before the 'l' is typical of German usage but is not a construction typical of English. The

sequence and arrangement of the 'k, 'u' and 'l' within the marks also differ. And as you explain, Kühl is pronounced 'cool.' Kule, however, is pronounced' 'kewel' like 'jewel.'

Kühl defines its apparel as "rugged outdoor clothing" while Kule is a designer and accessory brand. Their styles are dissimilar. The goods of Kühl and Kule therefore are distinguishable to the ordinary consumer.

The Kule mark is famous. It has been featured and continues to be featured prominently in the press including major publications as varied as *The New York* Times, *Wall Street Journal*, *Daily Mail*, *Vogue*, *Bazaar*, *Glamour*, *GQ, O:The Magazine*, *InStyle*, *Travel & Leisure*, Refinery29, *Wmagazine*, WHOWHATWEAR, *Lucky, Style.com*, *Southern Living*, *Hamptons* and others. Kule recently was highlighted by Oprah Winfrey as one of her 'favorite things for 2022.'

 Kule appears prominently at its own website, kule.com; at its three stores in prominent locations at Rockefeller Center, Cobble Hill in Brooklyn and the Montecito Country Mart north of Los Angeles; and through its own extensive publicity undertakings.

Kule merchandise is sold by prominent retailers including Anthropologie, Bergdorf Goodman, Bloomingdales, Gwyneth Paltrow's goop, Madewell, Neiman Marcus and others, and has been sold by Nordstrom, Barneys, Isetan, Lane Crawford and Ron Herman.

Kule has entered into collaborations with Bergdorf Goodman, West Elm, Madewell and a number of other brands.

Kule has vigorously and rigorously defended its marks against infringers.

For over twenty years Kule and Kühl have coexisted peacefully and profitably without actual let alone a likelihood of confusion. During that time Kule has made significant expenditures to support the business it conducts under its marks and will incur extreme damage if its mark were lost. In the circumstances even if the Kule marks were similar to Kühl a petition to cancel them would be inequitable and therefore impermissible under the doctrines of laches, estoppel and acquiescence.

At this point an extended and extensive artillery duel involving barrages of oppositions to applications, petitions to cancel multiple marks and disputes about priority of use for the various marks by both parties would only prove costly to the litigants and futile to Kühl. We therefore request Kühl not to oppose maintenance of the Kule marks so that both parties may go about their business unimpeded as they have done for decades.

Please do not hesitate to contact me with any questions.

Regards,
Blake
Via email and mail