Matthew A. Barlow (9596)
*mbarlow@wnlaw.com*
Brittany Frandsen (16051)
*bfrandsen@wnlaw.com*
WORKMAN NYDEGGER
60 East South Temple, Suite 1000
Salt Lake City, Utah 84111
Telephone: (801) 533-9800
Facsimile: (801) 328-1707

*Attorneys for Kule, LLC*

---

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ALFWEAR, INC.<br><br>          Plaintiff,<br>     v.<br><br>KULE, LLC<br><br>          Defendant. | Case No. 2:23-CV-00412-DAK-CRM<br><br><br>**DEFENDANT KULE, LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIM**<br><br>Judge Dale A. Kimball<br>Magistrate Judge Cecilia M. Romero<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Kule, LLC ("Defendant" or "Kule"), for its Answer to the Complaint filed by

Plaintiff Alfwear, Inc. ("Plaintiff" or "Alfwear"), states as follows:

## THE PARTIES

1.      Defendant lacks knowledge or information sufficient to form a belief about the

truth of the allegations of paragraph 1 of the Complaint and therefore denies the same.

1

2.      Defendant admits the allegations of paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3.      Paragraph 3 of the Complaint states a legal conclusion and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint states a legal conclusion and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of paragraph 4 of the Complaint.

5.      Defendant denies the allegations of paragraph 5 of the Complaint.

6.      Defendant denies the allegations of paragraph 6 of the Complaint.

7.      Defendant admits the allegations of paragraph 7 of the Complaint.

8.      Defendant admits that it sells products bearing the KULE mark to various purchasers in various locales within the United States. Defendant further admits that it has sold a relatively small amount of clothing products to individuals residing in Utah.

9.      Defendant admits that Defendant sells products under the KULE mark to retail consumers, but denies that it sells products under the KULE mark to retailers located in Utah. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 9 of the Complaint and therefore denies the same.

10.      Defendant denies the allegations of paragraph 10 of the Complaint.

11.      Defendant admits the allegations of paragraph 11 of the Complaint.

12.      Defendant admits the allegations of paragraph 12 of the Complaint.

13.     Defendant admits that it has fulfilled a relatively small amount orders made on www.kule.com to individuals residing in Utah and has shipped a relatively small amount of clothing products to individuals residing in Utah.

14.     Defendant admits that it has charged and accepted payments from individuals residing in Utah in connection with the relatively small amount orders made on www.kule.com.

15.     Defendant admits the allegations of paragraph 15 of the Complaint.

16.     Defendant admits the allegations of paragraph 16 of the Complaint.

17.     Defendant admits that it has shipped a relatively small amount of clothing products bearing the KULE mark to individuals residing in Utah.

## BACKGROUND FACTS

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 of the Complaint and therefore denies the same.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19 of the Complaint and therefore denies the same.

20.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 of the Complaint and therefore denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 of the Complaint and therefore denies the same.

22.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22 of the Complaint and therefore denies the same.

23.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23 of the Complaint and therefore denies the same.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24 of the Complaint and therefore denies the same.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25 of the Complaint and therefore denies the same.

26.    Defendant admits the allegations of paragraph 26 of the Complaint.

27.    Defendant denies the allegations of paragraph 27 of the Complaint.

28.    Defendant admits that Defendant sells shirts, pants, shorts, dresses, and jackets. Defendant denies that the products Defendant sells under the KULE mark compete with the products Plaintiff sells under the KÜHL marks. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 28 of the Complaint and therefore denies the same.

29.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 of the Complaint and therefore denies the same.

30.    Defendant admits that it marketed and sold the products shown in the image of paragraph 30 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 30 of the Complaint because the phrase "marketed its products in connection with skiing" is ambiguous and unclear. Defendant therefore denies the remaining allegations of paragraph 30 of the Complaint.

31.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 31 of the Complaint and therefore denies the same.

32.    Defendant admits that Defendant filed application Ser. No. 97639003 for the KULE mark on October 19, 2022 with the United States Patent and Trademark Office

("USPTO") after it inadvertently missed the deadline to submit the filing necessary to renew Reg. No. 4076588 for the KULE mark, which had been issued by the USPTO in December 2011.

33.     Defendant admits that Plaintiff filed a timely opposition at the USPTO against application Ser. No. 97639003 for the KULE mark, which was filed only after Defendant inadvertently missed the deadline to submit the filing necessary to renew Reg. No. 4076588 for the KULE mark issued in December 2011.

34.     Defendant denies the allegations of paragraph 34 of the Complaint.

**<u>CLAIMS FOR RELIEF</u>**

**<u>Count 1</u>**
**<u>Federal Trademark Infringement</u>**

35.     Defendant incorporates its responses set forth in each of the foregoing paragraphs 1–34 as though fully set forth herein.

36.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36 of the Complaint and therefore denies the same.

37.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37 of the Complaint and therefore denies the same.

38.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 38 of the Complaint and therefore denies the same.

39.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 of the Complaint and therefore denies the same.

40.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 40 of the Complaint and therefore denies the same.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 of the Complaint and therefore denies the same.

42. Defendant denies that Plaintiff's KÜHL marks are famous. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 42 of the Complaint and therefore denies the same.

43. Defendant admits it has sold or promoted clothing products under the KULE mark, and that Defendant has not sought nor received consent from Plaintiff to do so. Defendant denies any implication or inference that any consent from Plaintiff was necessary as Defendant has sold and promoted clothing products under the KULE mark since 2001 without conflict or incident from Plaintiff until after Defendant filed application Ser. No. 97639003 for the KULE mark on October 19, 2022 with the USPTO.

44. Defendant denies the allegations of paragraph 44 of the Complaint.

45. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45 of the Complaint and therefore denies the same.

46. Defendant denies the allegations of paragraph 46 of the Complaint.

47. Defendant denies the allegations of paragraph 47 of the Complaint.

48. Defendant denies the allegations of paragraph 48 of the Complaint.

49. Defendant denies the allegations of paragraph 49 of the Complaint.

50. Defendant denies the allegations of paragraph 50 of the Complaint.

51. Defendant denies the allegations of paragraph 51 of the Complaint.

## Count 2
## Federal Unfair Competition

52.     Defendant incorporates its responses set forth in each of the foregoing paragraphs 1–51 as though fully set forth herein.

53.     Paragraph 53 of the Complaint states a legal conclusion and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of paragraph 53 of the Complaint.

54.     Defendant admits that it has sold and continues to sell clothing under the KULE mark. Defendant denies the remaining allegations of paragraph 54 of the Complaint.

55.     Defendant denies the allegations of paragraph 55 of the Complaint.

56.     Defendant denies the allegations of paragraph 56 of the Complaint.

57.     Defendant denies the allegations of paragraph 57 of the Complaint.

58.     Defendant denies the allegations of paragraph 58 of the Complaint.

59.     Defendant denies the allegations of paragraph 59 of the Complaint.

## Count 3
## Common Law Unfair Competition

60.     Defendant incorporates its responses set forth in each of the foregoing paragraphs 1–59 as though fully set forth herein.

61.     Paragraph 61 of the Complaint states a legal conclusion and, therefore, requires no response. To the extent a response is required, Defendant denies the allegations of paragraph 61 of the Complaint.

62.     Defendant admits that it has sold and continues to sell clothing under the KULE mark. Defendant denies the remaining allegations of paragraph 62 of the Complaint.

## ALLEGATION OF DAMAGE

63.    Defendant denies the allegations of paragraph 63 of the Complaint.

64.    Defendant admits that it may continue to sell clothing under the KULE mark. Defendant denies the remaining allegations of paragraph 64 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment on the claims in the Complaint as follows:

1.    That Plaintiff takes nothing by the Complaint;

2.    That the Complaint, and each and every claim for relief alleged therein, be adjudicated against Plaintiff and in Defendant's favor, and that each such claim for relief be dismissed in its entirety with prejudice;

3.    That the Court award Defendant its costs and attorneys' fees in this action; and

4.    That the Court award to Defendant such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

Subject to and without waiver of the foregoing denials, and based upon information and belief to date, Defendant asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's mark is not sufficiently strong and/or famous to support its claims against Defendant.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's mark is not sufficiently distinctive to support its claims against Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the fact that Plaintiff has sustained no loss or damages as a result of Defendant's alleged conduct.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages from Defendant's alleged conduct, Plaintiff failed to mitigate the extent of such damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches and acquiescence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, including without limitation its requests for injunctive relief, are barred by the doctrines of estoppel, waiver, bad faith, and/or unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the fact that Defendant has, at all times relevant herein, acted in good faith, consistent with any duties owed, and exercising reasonable care.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims for enhanced damages or fees including, but not limited to those, prayed for pursuant to the Lanham Act, are barred by Plaintiff's failure to properly allege and/or establish aggravating circumstances sufficient to justify the award of such damages.

## ADDITIONAL DEFENSES

In addition to the defenses set forth above, Defendant reserves the right to raise, assert, and rely upon any and all other defenses that may apply, pending the outcome of further investigation and discovery in this case.

## COUNTERCLAIM

Defendant and Counterclaim Plaintiff Kule, LLC ("Kule"), by and through undersigned counsel, complains and alleges the following against Plaintiff and Counterclaim Defendant Alfwear, Inc. ("Alfwear"):

## PARTIES

1.      Kule is a New York limited liability company with its principal place of business at 130 East 67th Street, New York, New York, 10065.

2.      Upon information and belief, Alfwear is a Utah corporation with a principal place of business at 1635 South 5070 West, Suite C, Salt Lake City, Utah, 84104.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 as it concerns the validity of trademarks, under 28 U.S.C. §§ 1331 and 1338(a) as this action arises under an Act of Congress relating to trademarks (the Lanham Act), and because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein.

4.      Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1) because Alfwear resides in this district.

5.      The Court has personal jurisdiction over Alfwear in this action because Alfwear is registered to do business and maintains its principal place of business within this judicial district, has customers within this judicial district, and transacts business within this judicial district, thereby invoking the benefits and protections of the laws of the State of Utah.

## BACKGROUND FACTS

6.      Nikki Kule founded Kule in 2001. Kule has used its KULE (pronounced "KEWEL") mark in connection with clothing and apparel for over twenty years.

7.      Alfwear claims to have rights in the KÜHL mark that predate Kule's rights in its KULE mark. However, upon information and belief, the parties have coexisted without confusion for over twenty years.

8.      On June 26, 2023, Alfwear filed a complaint in this Court alleging trademark infringement and unfair competition against Kule based, in part, on Alfwear's U.S. Reg. No. 1,990,375 for the mark **kühl** ("the KÜHL Design Mark").

9.      Upon information and belief, the United States Patent and Trademark Office ("USPTO") issued U.S. Reg. No. 1,990,375 to the KÜHL Design Mark on July 30, 1996 in connection with, among others, "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats" in International Class 25.

10.     Upon information and belief, Alfwear has ceased using the KÜHL Design Mark in connection with "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats," and has no intention to resume its use.

11

11.     Upon information and belief, Alfwear now uses the following design marks in connection with its apparel products:

 

12.     Upon information and belief, the following design marks appear in the most recent specimen that Alfwear submitted to the USPTO in connection with the registration renewal of its KÜHL Design Mark on July 29, 2016 for apparel products:

 

13.     Upon information and belief, the KÜHL Design Mark does not appear in that specimen in connection with apparel.

14.     Accordingly, upon information and belief, Alfwear ceased using the KÜHL Design Mark in connection with apparel products prior to 2016 and, accordingly, has not used the mark in connection with apparel for significantly more than three years.

## COUNT ONE

### Partial Cancellation of U.S. Reg. No. 1,990,375

15. Kule incorporates its allegations set forth in each of the foregoing paragraphs 1–13 as though fully set forth herein.

16. Upon information and belief, Alfwear has abandoned the KÜHL Design Mark in connection with "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats," and has no intention to resume its use.

17. Kule is therefore entitled to a declaration and judgment that Alfwear's U.S. Reg. No. 1,990,375 is invalid as a matter of law as applied to goods in International Class 25.

### PRAYER FOR RELIEF

Kule prays for the following relief and requests that:

1. The Court order and declare that any purported trademark rights that Alfwear may have in U.S. Reg. No. 1,990,375 with regards to the goods in International Class 25 are invalid and of no legal effect;

2. The Court direct the USPTO to partially cancel Alfwear's U.S. Reg. No. 1990375 as to the goods listed in International Class 25 pursuant to 15 U.S.C. § 1119; and

3. The Court award Kule the costs of this action and reasonable attorneys' fees and expenses and such other relief as the Court deems appropriate.

DATED this 26th day of February, 2024.

WORKMAN NYDEGGER

By: /s/ *Matthew A. Barlow*
        Matthew B. Barlow
        Brittany Frandsen

*Attorneys for Kule, LLC*