IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ALFWEAR, INC., <br><br> Plaintiff, <br><br> vs. <br><br> KULE, LLC, a New York limited liability company, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:23-CV-00412-DAK <br><br> Judge Dale A. Kimball |

This matter is before the court on Plaintiff's Motion to Dismiss Defendant's Counterclaim [ECF No. 20]. On June 12, 2024, the court held a hearing on the motion. At the hearing, Brandon Owen, Trent Baker, Lydia Rytting, and Adam Richards represented Plaintiff, and Matthew Barlow and Brittany Frandsen represented Defendant. The court took the matter under advisement. Now being fully informed, the court issues the following Memorandum and Decision.

BACKGROUND

Plaintiff is a company that, since at least 1994, has sold products under its KÜHL trademark. The KÜHL trademark is a well-known symbol of Plaintiff and its quality products and good will. Plaintiff has applied for and obtained U.S. trademark registrations to protect its rights in the KÜHL trademark. Those registrations include a registration for the KÜHL Design Mark.

1

Defendant Kule is a company that sells apparel products. After Plaintiff established its rights in the KÜHL trademark, Defendant began selling apparel under the mark "KULE," which is nearly identical in sight, sound, and meaning to the KÜHL trademark. Defendant owned a trademark registration for the KULE mark, Reg. 4,076,588, which was for clothing and apparel items in International Class 25. This trademark inadvertently lapsed in July 2022 due to a clerical error. Despite this, Defendant continued to use its KULE mark without interruption for the same clothing and apparel items covered by Reg. 4,076,588, and never intended to abandon the trademark or registration.

On October 19, 2022, Defendant filed a trademark application to reregister its "KULE" trademark for exactly the same clothing and apparel items listed in its prior Reg. 4,076,588. This was filed with United States Patent and Trademark Office's ("USPTO") Trademark Trial and Appeal Board ("TTAB"). On August 24, 2022, Plaintiff's counsel wrote to Defendant demanding that Kule change the brand name it has used since 2001 and abandon its pending application on the claimed grounds that "use of the mark KULE with clothing will potentially confuse the public into believing that there is a relationship with [Plaintiff]." Plaintiff then timely opposed Defendant's application based on the likelihood of confusion with and dilution of the KÜHL trademark. That opposition is currently suspended pending the resolution of this matter. Plaintiff filed the Complaint in this matter on June 26, 2023, asserting claims of Federal Trademark Infringement, Federal Unfair Competition, and Common Law Unfair Competition.

On February 26, 2024, Defendant filed a counterclaim in this action alleging that Plaintiff had ceased using the KÜHL Design Mark in connection with "rugged outdoor clothing, namely jackets, shirts, pants, shorts, T-shirts, and hats" and had no intention to resume its use of the mark in connection with those goods. Thus, Defendant asserts that Plaintiff has abandoned the

2

KÜHL Design Mark. The Counterclaim includes four images that Defendant alleges show uses of the KÜHL mark in fonts other than the font used for the KÜHL Design Mark. Defendant alleges that two of the images come from a filing with the USPTO in 2016. Based on these images, Defendant alleges that KÜHL ceased using the KÜHL Design Mark before 2016 and has no intention to resume its use.

Plaintiff filed this motion in response to Defendant's counterclaim, and argues that Defendant's counterclaim should be dismissed because they have not properly pled abandonment.

## DISCUSSION

The factual allegations in a complaint must merely be plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To be "plausible," a complaint must contain "factual content" that creates a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts generally do not consider evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, "the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

A trademark is considered "abandoned" if its "use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. "There are two elements to a claim for abandonment: (1) nonuse; and (2) intent not to resume." *Tiger Lily Ventures Ltd. v. Barclays Cap. Inc.*, 35 F.4th 1352, 1360 (Fed. Cir. 2022). Under the statutes, "[n]onuse for 3 consecutive years shall be prima facie evidence of abandonment." 15 U.S.C. § 1127. TTAB has found that an abandonment claim

3

is sufficient if it merely includes allegations that a markholder is not using his mark and has no intent to resume use. *Lewis Silkin LLP v. Firebrand LLC*, Cancellation No. 9206737, 2018 WL 6923002, at *6 (Dec. 21, 2018). The TTAB "specifically reject[ed] the argument that the factual allegations of nonuse plus intent must include additional allegations which demonstrate how Petitioner will prove the allegations of nonuse plus intent. . . . These matters . . . are best, and traditionally, left to trial." *Id*.

Here, Defendant properly pled abandonment in its Counterclaim by alleging that Plaintiff ceased using the KÜHL Design Mark in connection with various apparel goods, and that Plaintiff has no intent to resume such use. Defendant alleges that Plaintiff now uses different design marks in connection with its apparel products, that Plaintiff's most recent specimen of use submitted to the USPTO in 2016 includes a different design mark, that the KÜHL Design Mark does not appear in that specimen in connection with apparel, and that Plaintiff thus has not used the KÜHL Design Mark in connection with apparel for at least three years.

As to the second requirement, "intent to not resume," under the Lanham Act, "[i]ntent not to resume may be inferred from circumstances." 15 U.S.C. § 1127. Here, Plaintiff's intent not to resume use may be inferred from: 1) its use of alternative marks, and 2) its apparent lack of use of the mark since at least as early as 2016.

Defendant has alleged facts that, if proven, demonstrate that Plaintiff has not used the KÜHL Design Mark in connection with apparel for nearly eight years. This constitutes prima facie evidence of abandonment under the Lanham Act. Accordingly, Plaintiff's motion is denied.

## CONCLUSION

For the reasons discussed, the court DENIES Plaintiff's motion.

DATED this 20th day of June 2024.

                    BY THE COURT:

                    DALE A. KIMBALL
                    United States District Judge